White, J.
It is settled by a series of decisions in this state, that a common carrier can not, by stipulation with his employer, exempt himself from liability for loss or damage occasioned by his own negligence or that of his servants. Graham v. Davis, 4 Ohio St. 362; Welch v. P. F. & G. R. R. Co., 10 Ib. 65 ; Railroad Company v. Curran, 19 Ib. 1.
The same rule is fully recognized by the Supreme Court of the United States. Railroad Company v. Lockwood, 17 Wall. 357.
The rule inhibiting such stipulations is founded on public policy, and grows out of the public nature of the carrier’s employment.
It is also settled that where a common carrier claims immunity for the loss of goods with which he has been intrusted, on the grounds of a special contract securing such immunity, the burden is on him to prove that the loss was occasioned without fault or negligence on his part. Graham v. Davis, supra.
The present case is sought to be withdrawn from the operation of these rules by the fact that the property in question was not .properly packed when delivered to the carrier; and it is claimed that, under the circumstances, the carrier is to be regarded as a mere bailee for hire.
We do not assent to this view.
The plaintiff in error, while engaged in the business of a. *599 common carrier, could not by agreement divest itself of that character.
The only effect of the agreement was to relieve it from the liabilities imposed by the common law on public carriers where there was no fault or neglect on the part of the carrier.
The carrier may well refuse to receive the property, unless it is properly packed. But if he receives it the duty attaches of exercising due care for its safe carriage. If, notwithstanding such care, the property should be damaged through the defective packing of the owner, the carrier would be relieved from liability. But where, as in this case, the carrier takes charge of the property for the purposes of carriage, the duty rests on him to show that the injury is attributable to the defective packing, and not to any fault or neglect on his part.
This the plaintiff in error failed to show.
It appears from the special finding that there was no evidence to show, and the court could not ascertain the time when, or place where, or cause by which the property in question was injured. On this state of fact, we find no error in the judgment.

Leave refused.

Welch, C. J., Rex, Gilmore, and MoIlvaine, JJ., concurred.